# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Kaleem Tikori Fredericks*
Case No. 3:16-cr-00114-TMB

By:               THE HONORABLE TIMOTHY M. BURGESS

<u>PROCEEDINGS</u>:          ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Kaleem Fredericks' *pro se* Motion to Reduce Sentence ("the Motion").[1] The Court interprets this as a compassionate release motion brought under 18 U.S.C. § 3582(c)(1)(A)(i).[2] Fredericks argues that he suffered "mental debilitation" and was "tortured physically" at United States Penitentiary, Thomson ("USP-Thomson") and that his current institution United States Penitentiary, McCreary ("USP-McCreary") "lacks corrective and rehabilitative programming."[3] He also argues that the Bureau of Prisons ("BOP") has not credited him 240 days for completing two programs while in custody and being approved for the Residential Drug Abuse Program ("RDAP").[4] He asks the Court to credit him these 240 days and to resentence appropriately, and to consider home confinement or residential placement for the remainder of his sentence.[5] The United States (the "Government") opposes the Motion.[6] USPO does not recommend a sentence reduction.[7] For the following reasons, the Court **DENIES** the motion.

---

[1] Dkt. 172 (*Pro Se* Motion to Reduce Sentence). While Fredericks currently has representation, he filed the Motion *pro se* and his counsel declined to file supplemental briefing in connection with the Motion. *See* Dkt. 181 (Notice re: Motion for Reduction in Sentence).

[2] 18 U.S.C. § 3582(c)(1)(A)(i) ("The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction.").

[3] Dkt. 172 at 1.

[4] *Id.* at 2.

[5] *Id.*

[6] Dkt. 183 (Response in Opposition).

[7] Dkt. 185 (Sealed USPO Memorandum).

1

### A. Background

On January 13, 2017, Fredericks pleaded guilty to charges of Armed Bank Robbery, in violation of 18 U.S.C. §§ 2113(a), (d), Conspiracy to Commit Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a), and Brandishing Firearm During Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(B)(i).[8] On April 16, 2018, the Court sentenced Fredericks to a 130-month term of imprisonment, with 5 years of supervised release to follow.[9] Fredericks is currently housed at USP-McCreary with a projected release date of June 29, 2026.[10] On December 10, 2020, Fredericks filed his first motion for compassionate release, which the Court denied.[11] On May 5, 2023, Fredericks filed this Motion—his second motion for compassionate release.[12]

In his Motion, Fredericks first argues that his sentence should be reduced because he suffered "mental debilitation" and was subjected to "horrendous and traumatic experiences" by the staff at USP-Thomson.[13] He alleges he was "tortured . . . physically by correctional officers" by being "food and water deprived" and being "placed in hard ambulatory restraints," which resulted in "lack of blood circulation, . . . nerve damage and permanent scars."[14] He notes these conditions also gave rise to suicidal ideation and "multiple suicide attempts" at USP-Thomson; he was subsequently diagnosed with a mental disorder and placed on daily medication.[15] Fredericks further argues that his current institution, USP-McCreary "lack[s] . . . corrective and rehabilitative programming." He asserts these conditions of confinement at both institutions weigh in favor of a sentence reduction.[16]

Next, Fredericks encourages the Court to consider "[m]atters such as age, education, mental or emotional condition, medical condition, . . . [lack of] guidance as a youth, [or] family ties" in considering his sentence reduction, as authorized by 18 U.S.C. § 3553(a).[17] Fredericks argues that he deserves a sentence reduction because he has served 65% of his statutory sentence and "9 times more" sanctioned incarceration than any sentence he previously served; thus, he posits he has "fulfilled [his] need for current and escalated sanctions."[18] He pleads the Court to consider "home

---

[8] Dkt. 20 (Indictment); Dkt. 47 (Plea Agreement); Dkt. 50 (Minute Entry).

[9] Dkt. 104 (Minute Entry); Dkt. 106 (Judgment).

[10] Dkt. 172 at 1; Dkt. 144 (First Motion for Compassionate Release) at 5.

[11] Dkt. 144; Dkt. 152 (Order Denying First Motion for Compassionate Release).

[12] Dkt. 172.

[13] *Id.* at 1.

[14] *Id.*

[15] *Id.*

[16] 18 U.S.C. § 3553(a)(2)(d) ("The court, in determining the particular sentence to be imposed, shall consider . . . the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.").

[17] Dkt. 172 at 1 (quoting *Rita v. United States*, 551 U.S. 338, 364–35 (2007)).

[18] *Id.* at 2.

confinement, halfway house detention, or a residential placement" to assist with his rehabilitation and transition into society.[19]

Last, Fredericks argues that the Designation Sentence and Computation Center of the BOP has "not properly designated [him]," despite him having "taken all the mandatory steps and also being approved for the RDAP program."[20] He asserts that, under the First Step Act, he should have earned 10 days per month for approximately 24 months, or 240 days of good-time credits earned.[21] Thus, he argues his sentence warrants a reduction.[22]

The Government opposes the Motion on four grounds. First, the Government argues that Fredericks "has not shown . . . that he has administratively exhausted his claim" because he has not provided proof that he submitted his new request for compassionate release to the Warden of USP-McCreary prior to filing this Motion, and BOP does not have a record of any such request.[23] Therefore, "the Court should deny the motion for Fredericks' failure to exhaust."[24]

Second, the Government contends that Fredericks has not cited any extraordinary or compelling reasons to merit a sentence reduction.[25] The Government explains that the alleged "difficult circumstances" Fredericks may have experienced in BOP custody and the lack of programming available at USP-McCreary "are not unique to [Fredericks] or to inmates across the BOP."[26] The Government also notes that Fredericks "remains young and appears to be in good health," and he makes no claim that he suffers from "extraordinary and compelling" health issues that might otherwise warrant a sentence reduction.[27]

Third, the Government argues that Fredericks' initial conduct resulting in conviction was "extremely serious and involved acts of violence," and his continuing pattern of infractions while in BOP custody means he "remains a danger to the public."[28]

Fourth, the Government argues that the § 3553(a) sentencing factors do not weigh in favor of Fredericks' early release given the two years remaining on his almost eleven-year sentence, "the seriousness of his conduct," and the need to ensure "respect for the law," "adequate deterrence," and "just[ice]."[29]

---

[19] *Id.*

[20] *Id.* at 1.

[21] *Id.* at 2.

[22] *Id.*

[23] Dkt. 183 at 5.

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.* at 6.

[29] *Id.*

USPO does not recommend a sentence reduction.[30] USPO concludes that a reduced sentence would not serve to deter Fredricks' criminal conduct or protect the public given his criminal history, past substance abuse, pattern of misconduct and aggressive behavior while in custody, limited engagement with rehabilitation efforts, and the nature of circumstances of his underlying offense.[31] Thus, USPO does not believe a sentence reduction is appropriate.[32]

### B. Legal Standard

The First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow defendants to move the district court for a sentence reduction after exhausting their administrative remedies.[33] After considering the applicable factors set forth in § 3553(a), a court may grant the motion if it finds "extraordinary and compelling reasons warrant such a reduction[.]"[34] A court may look to the policy statement of the Sentencing Commission, which provides that "extraordinary and compelling reasons" may exist in certain specific circumstances, including where

> the defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environmental of a correctional facility and from which he or she is not expected to recover.[35]

However, the policy statement is "not binding" on courts evaluating motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A).[36]

### C. Discussion

As a threshold matter, the Court finds that Fredricks has not exhausted his administrative remedies as required by 18 U.S.C. § 3582(c)(1)(A). The Court may consider the Motion only if Fredricks has "fully exhausted all administrative rights to appeal," or if thirty days have lapsed since BOP has received a request for compassionate release from him.[37] It is clear that "the

---

[30] Dkt. 185 at 5.

[31] *Id.*

[32] *Id.*

[33] *See* Pub. L. 115-391, 132 Stat. 5194, 5239 (2018).

[34] 18 U.S.C. § 3582(c)(1)(A).

[35] U.S.S.G. § 1B1.13. The Ninth Circuit has held that the current version of U.S.S.G. § 1B1.13 is "not an applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam) (internal quotation marks omitted). The Ninth Circuit also concluded that a "dangerousness finding is not statutorily required under 18 U.S.C. § 3582(c)(1)(A)(i)[.]" *Id.* at 799.

[36] *Aruda*, 993 F.3d at 802 (agreeing with and adopting the rationale from *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) (holding that U.S.S.G. § 1B1.13 is not binding on courts considering motions filed by defendants under 18 U.S.C. § 3582(c)(1)(A))).

[37] 18 U.S.C. § 3582(c)(1)(A).

4

§ 3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."[38]

Thus far, no party has provided evidence that Fredericks submitted a request for sentence reduction to the Warden of USP-Thomson or USP-McCreary prior to filing his Motion. Where a defendant asserts they have submitted a request and there is no reason to assume bad faith on the part of the defendant, courts have generally accepted such assertions.[39] Here, Fredericks has not provided any evidence or statement that he has submitted a request to reduce his sentence, and the Government notes there is no such request in BOP's system.[40] However, the Government also concedes that "BOP's record-keeping may lag behind."[41] Still, without further evidence that Fredericks has submitted a request to the Warden of USP-Thomson or USP-McCreary, the Court must deny Fredericks' motion for failure to exhaust his administrative remedies.[42]

Even if Fredericks had exhausted his administrative remedies, the Court finds the merits of Fredericks' Motion unavailing. While sympathetic to Fredericks' circumstances, the Court is not convinced that his general prison conditions present extraordinary and compelling reasons warranting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

First, Fredericks' allegations regarding the difficult conditions at USP-Thomson and their subsequent toll on his physical health do not demonstrate extraordinary and compelling reasons warranting a sentence reduction. Generally, "conditions that affect inmates indiscriminately throughout the prison are insufficient to support an individual defendant's claim for compassionate release."[43] Fredericks makes general allegations regarding the poor treatment of inmates at USP-Thomson, including food and water deprivation and the use of physical restraints resulting in lack of blood circulation, nerve damage, and permanent scars.[44] But he has not submitted recent

---

[38] *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021).

[39] *See, e.g.*, *United States v. Levario*, No. 2:12-CR-00399-JAM-1, 2020 WL 3256918, at *2 (E.D. Cal. June 16, 2020) (accepting as true defendant's representation that he requested compassionate release from the Warden where the court had no reason to assume bad faith on the part of defendant or counsel); *United States v. Richardson*, No. 2:17-cr-00048-JAM, 2020 WL 3402410, at *2 (E.D. Cal. June 19, 2020); *United States v. Massengill*, Case No. 3:17-cr-00091-02-TMB (closed April 11, 2019) (Dkt. 146).

[40] *See* Dkt. 183 at 5; Dkt. 172.

[41] Dkt. 183 at 5.

[42] *See, e.g.*, *United States v. Morales*, No. 1:17-CR-00274-DCN-1, 2021 WL 203301, at *2 (D. Idaho Jan. 20, 2021) (denying compassionate release where defendant failed to provide sufficient proof that he requested a modification under § 3582(c)(1)(A) from the warden of his institution).

[43] *United States v. Hernandez-Hernandez*, No. CR21-32RSM, 2023 WL 5977159, at *4 (W.D. Wash. Sept. 14, 2023) (quoting *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)); *see id.* ("Given that defendant has failed to address how the [COVID-19] lockdowns at [the prison] have impacted him personally and instead describes the conditions of confinement more generally, the Court finds that defendant's experience at [the prison] – while undoubtedly difficult – does not constitute grounds for compassionate release.").

[44] Dkt. 172 at 1.

documentation regarding the current status of any medical conditions related to such treatment.[45] Moreover, Fredericks appears to be young and in good health; in his previous motion for compassionate release, Fredericks acknowledged that he does not have any pre-existing medical conditions that might exacerbate his health risks.[46]

Additionally, while courts can consider harsh conditions of confinement as a valid factor supporting a shorter custodial sentence,[47] "conditions vary widely across federal prisons and can change over the course of a defendant's imprisonment."[48] Without more specific documentation of Fredericks' medical symptoms resulting from alleged conditions at USP-Thomson, the Court cannot conclude that extraordinary and compelling reasons justify his release. Notably, Fredericks is no longer housed at USP-Thomson, having since transferred to USP-McCreary.[49] Thus, Fredericks has not established that the conditions he experienced at USP-Thompson constitute any current "serious physical or medical condition" that might otherwise warrant early release under § 3582(c)(1)(A).[50]

Second, Fredericks' allegations regarding his "mental debilitation," which he attributes to the conditions at USP-Thomson, are similarly unavailing.[51] While "serious mental health impairments can justify granting a motion for compassionate relief,"[52] Fredericks acknowledges that he is currently on daily medication, which lend "some semblance of normalcy" to his life at USP-McCreary.[53] Further, while Fredericks claims to have suffered "multiple suicide attempts" at USP-Thomson, he was promptly hospitalized, psychologically assessed, diagnosed, and placed on medication after these attempts.[54] As Fredericks was never deprived of appropriate treatment, is taking daily medication, and does not appear to be currently experiencing a serious mental health

---

[45] *Id.*

[46] *See* Dkt. 144 at 2.

[47] *See, e.g.*, *United States v. Kramer*, No. 5:16-CR-00322-EJD-1, 2023 WL 361092, at *4 (N.D. Cal. Jan. 23, 2023) (granting defendant's compassionate release due to the "harsh conditions of confinement" during the COVID-19 pandemic, in concert with defendant's "advanced age, medical conditions, and declining physical health").

[48] *United States v. Spano*, 476 F.3d 476, 479 (7th Cir. 2007).

[49] *See* Dkt. 172 at 1 (noting USP-McCreary as Fredericks' current institution).

[50] U.S.S.G. § 1B1.13; *cf. United States v. Lane*, No. CR120141901PHXDGC, 2021 WL 661982, at *3 (D. Ariz. Feb. 19, 2021), *aff'd*, No. 21-10057, 2021 WL 3729736 (9th Cir. July 23, 2021) (granting compassionate release where defendant suffered from stage-3 chronic kidney disease, asthma and unspecified breathing abnormalities, marked sinus bradycardia, arthropathy, and Hepatitis C and was at "serious risk[]" of COVID-19).

[51] Dkt. 172 at 1.

[52] *United States v. Booker*, No. 18-CR-2611-GPC, 2023 WL 3186296, at *3 (S.D. Cal. May 1, 2023) (granting compassionate release where defendant endured a period of incarceration without adequate access to medication).

[53] Dkt. 172 at 1.

[54] *See id.* (noting that Fredericks' suicide attempts resulted in "medical trips to the emergency room," "multiple psychological assessments," "being diagnosed with a mental disorder," and "being placed on [psychotropic] medication").

impairment, his mental health symptoms do not demonstrate an extraordinary or compelling reason warranting early release.

Third, Fredericks' arguments about the lack of programming and rehabilitative treatment at USP-McCreary also do not demonstrate extraordinary and compelling reasons warranting a sentence reduction. Rather, these are "general condition[s] that affect inmates indiscriminately."[55] The Court is sympathetic to Fredericks' frustration and concerns about not receiving certain rehabilitative programming or treatment while in custody. But these circumstances are not unique to Fredericks and are not an extraordinary and compelling reason to reduce his sentence.

Fourth, Fredericks' claim that the time he has already served is sufficient to meet the goals of sentencing is not an extraordinary and compelling reason for early release. Fredericks still has more than two years remaining on his original sentence, which was calculated according to the circumstances of his underlying conviction.[56] Fredericks also alleges that BOP was "negligen[t]" in calculating good-time credits he should have earned by completing two programs and being approved for RDAP, but he does not provide evidence that he ever requested BOP recalculate his good-time credits before filing his Motion.[57] Fredericks further argues that "[r]ehabilitation is a factor for the court to consider."[58] However, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the applicable policy statement for 18 U.S.C. § 3582(c)(1)(A)]."[59] Thus, Fredericks has not demonstrated extraordinary or compelling reasons justifying his early release under § 3582(c)(1)(A).

Further, the Court finds that the § 3553(a) factors weigh against a sentence reduction in this case. Fredericks is 30 years old and has more than 2 years remaining on his almost 11-year sentence.[60] The sentence originally imposed was sufficient, but not greater than necessary to comply with the purposes of sentencing.[61] The guidelines range for Fredericks' offense was 135 to 168 months, and this Court has already observed that the underlying facts of his federal conviction were "extremely serious and involved acts of violence."[62] Moreover, Fredericks has significant disciplinary history while in custody, for fighting, disruptive conduct, possessing contraband, assault, destruction of property, interfering with correctional staff, threatening bodily harm, indecent exposure, and engaging in sexual acts, with his latest infraction occurring as recently as June 2023.[63] Based on this conduct, the Court is convinced that a sentence reduction would not serve the purposes of sentencing, including community protection. Fredericks has not

---

[55] *United States v. Hernandez-Hernandez*, No. CR21-32RSM, 2023 WL 5977159, at *4 (W.D. Wash. Sept. 14, 2023) (quoting *United States v. Bolden*, No. CR16-320RSM, 2020 WL 4286820, at *7 (W.D. Wash. July 27, 2020)).
[56] *See* Dkt. 106 at 2–3.
[57] Dkt. 172 at 2.
[58] *Id.* at 1 (quoting *United States v. Grant*, 664 F.3d 276, 279–80 (9th Cir. 2011) (noting that rehabilitation is a factor courts may consider in making sentencing determinations)).
[59] U.S.S.G. § 1B1.13.
[60] *See* Dkt. 96 (Sealed Presentence Report) at 8; Dkt. 183 at 6; Dkt. 106 at 2.
[61] *See* Dkt. 96 at 2.
[62] Dkt. 152 at 3; *see id.* at 1, 6–8.
[63] *See* Dkt. 183-1 Exh. 1 (Disciplinary Record).

demonstrated that the § 3553(a) factors weigh in favor of a sentence reduction, and the Court concludes that a sentence reduction is not appropriate.

Accordingly, the Motion at Docket 172 is **DENIED**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE:  November 29, 2023.